1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC
F. Travis Buchanan, Esq.
Nevada Bar No. 9371
701 East Bridger Ave., Suite 540
Las Vegas Nevada 89101
Tel: (702) 331-5478
Fax: (702) 629-6919
Email: *Travis@ftblawlv.com*
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KELLE SHARPE,                                    )
                                                 )    **CASE NO.:**
                                                 )
            Plaintiff,                           )    **COMPLAINT**
                                                 )
     vs.                                         )    **JURY TRIAL IS DEMANDED**
                                                 )
CITIGROUP, INC., dba CITIBANK; DOES I-          )
X, inclusive, and ROE ENTITIES I-X,             )
inclusive,                                       )
                                                 )
            Defendants.                          )
                                                 )
_____          )

**PLAINTIFF'S COMPLAINT**

    Plaintiff Kelle Sharpe (hereinafter referred to as "Plaintiff" or "Ms. Sharpe"), by and through her counsel of record, F. Travis Buchanan, Esq., of F. Travis Buchanan, Esq., & Associates, PLLC, for her Complaint against Defendants, alleges and states as follows:

## I.    INTRODUCTION, JURISDICTION AND VENUE

1. This is an employment discrimination case in which Plaintiff alleges discriminatory

conduct, (including in the terms and conditions of her employment), because of her race, age and sex.

2.   This is also an action under the common law of the State of Nevada for claims arising under Nevada's anti-discrimination statute, N.R.S. Section 613.310 et seq., and for a claim of Intentional Infliction of Emotional Distress. This is a civil complaint brought in the United States District Court under Federal and State statutes prohibiting discrimination in order to secure protection and redress for discrimination and deprivation of rights under these laws.

3.   Plaintiff's race discrimination and sex discrimination claims arise under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and 2000e16, and the Civil Rights Act of 1991, 42 U.S.C. 1981a, as well as equivalent law of the State of Nevada, as set forth above.

4.   Plaintiff's age discrimination claim arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621, et seq., ("ADEA"), as well as equivalent law of the State of Nevada, as set forth above.

5.   Plaintiff also seeks a declaration that the acts of Defendants intentionally and unlawfully discriminated against her.

6.   Pursuant to 28 U.S.C. § 1331 and § 1343, this Court has original subject matter jurisdiction over Plaintiffs' Title VII claims brought under, 42 U.S.C. §§2000e and 2000e *et seq.* This Court also has jurisdiction pursuant the Plaintiff's Age Discrimination in Employment Act ("ADEA"), claim.

7.   As set forth above, this action also includes claims arising out of Nevada's anti-discrimination statutes, and common law: N.R.S. Section 613.310 et seq., which are herein joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a).   Plaintiff

asserts she was discriminated against, treated differently from other employees in a discriminatory manner, subjected to an unfair and overly punitive disciplinary process, and ultimately terminated due to her race, sex, and age.

8. Jurisdiction in this case is also proper pursuant to N.R.S. Section 14.065.

9. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b), because the Defendant's corporation is located and operates in this judicial district, and within its unofficial Southern Judicial District, and all relevant events giving rise to the claim stated herein occurred in this judicial district.

10. Ms. Sharpe filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and was issued a "Right to Sue" letter by such agency. A copy of such letter is attached hereto as **Exhibit "1,"** and date stamped: December 9, 2020. This Complaint has been timely filed, and therefore, the Plaintiff has fulfilled all jurisdictional prerequisites to filing the instant lawsuit.

## II.      PARTIES

11. Plaintiff Ms. Sharpe, is a female citizen of the United States, a resident of Nevada, and over the age of 40. At all times relevant to this matter, she has resided in the County of Clark.

12. Defendant Citibank, is a publicly traded company with operations in the County of Clark, State of Nevada. Defendant Citibank is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, as well as under the ADEA.

13. Defendant Citibank, at all times relevant to this matter, was and has been engaged in an industry affecting commerce, or in the production of goods for commerce. Defendant Citibank and its employees are properly licensed and legally authorized to do business in Clark County.

Nevada, and the unlawful employment practices, and deprivation of rights alleged hereunder were committed within the State of Nevada.

14. As an employer in Nevada with 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, Defendant Citibank and its personnel, at all relevant times herein, are required to comply with all state and federal statutes which prohibit discrimination because of race, ethnicity, sex, and age.

15. DOES I through X, inclusive, ("DOES I-X") and ROE CORPORATIONS, I through X, ("ROE CORPORATIONS I-X") inclusive, are persons, corporations or entities who are or which may also be responsible for, or who directed or assisted in the wrongful actions of the named Defendant, or who may be individual actors, officers, employees or agents of the named Defendant. The true identities of the DOES, I-X, and ROE ENTITIES I-X, are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X and ROE ENTITIES I-X, are and/or may be responsible in part for the damages or injuries suffered by Plaintiff as a result of their wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOES I-X and ROE ENTITIES, inclusive, are revealed to Plaintiff.

16. At all times leading up to her unlawful termination and/or relevant hereto, Plaintiff was employed by Defendant Citibank, in the State of Nevada, County of Clark.

17. At all times relevant hereto, Defendant Citibank and its supervisors, agents and employees were jointly and severally liable and responsible for the Plaintiffs injuries herein complained of, and were jointly and severally liable, and the direct and proximate cause of the aforesaid complained of injuries.

4

### III.   FACTUAL ALLEGATIONS

18. Plaintiff has worked in the banking industry for well over a decade, and has worked for Defendant Citibank for over 18 ½ years.

19. During Plaintiff's tenure working for Citibank, she had an unblemished work record and was never formally disciplined by the company. As a testament to her great track record as an employee, and her reputation as a highly rated employee, Plaintiff was even nominated by one of her supervisors to participate on important national committees and focus groups.

20. On or about the year 2019, a fabricated complaint by a Caucasian customer with a reputation for lodging frivolous complaints against employees in the bank branch wherein Plaintiff worked, was lodged against Plaintiff and one of her subordinates. The customer informed Plaintiff's superior - Jeff Dunmire. The subordinate working under Plaintiff was also involved in the conduct underlying such complaint, and her superiors understood the complaint to be frivolous.

21. On information and belief, Plaintiff believes such customer, in large part singled her out due to her race, Plaintiff was not the only bank employee involved in the transaction related to the complaint, and for reasons unknown to Plaintiff, the customer who was Caucasian, focused much of her anger and the gravamen of her false allegations against Plaintiff. Based on the nature of the complaint and the blatant hostility of the customer towards Plaintiff in particular, Plaintiff believed that such Caucasian customer was being blatant hostile towards her, due to her race.

22. In the past, similar complaints lodged by this same Caucasian customer that lodged the instant complaint against Plaintiff were all found to be frivolous, especially when such complaints were lodged against other employees that were not of the same race and/or protected class as Plaintiff, African-American.

23. Specifically, with regard to the same Caucasian customer that lodged the instant complaint against Plaintiff in 2019, Plaintiff's direct supervisor Jeff Dunmire, who is a

Caucasian male and Plaintiff's superior referenced above (who was also involved in the underlying transaction that relates to the customer's complaint), informed Plaintiff that he was aware of the subject customer's complaint, and he deemed such complaint to be false, invalid and not in any way credible. He also referred to the subject customer as being "crazy."

24. With regard to the subject complaints lodged against Plaintiff and her subordinates in 2019, upon Defendant's investigation of the instant complaints, Plaintiff's subordinates, whom, unlike Plaintiff, had a history of discipline based on their work performance, eventually received less harsh discipline from Defendant Citibank, than Plaintiff did.

25. One of Plaintiff's co-worker/subordinates named Roberto Rosca, who was also involved in the same underlying conduct/transaction related to the above-referenced customer complaint, also received discipline in the form of being placed on a Final Performance Plan.

26. Plaintiff's direct supervisor Jeff Dunmire, who was also involved in the same underlying conduct/transaction related to the above-referenced customer complaint, also received low level discipline, such that he was able to retain his position as an Area Director within the company.

27. Unlike the other employees involved in the same underlying conduct/transaction related to the subject customer complaint, all of whom were able to retain their employment with the company, Plaintiff, was eventually terminated from her employment by Defendant Citibank, after it concluded its investigation of the underlying matter.

28. Just one month prior to Plaintiff's termination, and well after the instant customer complaint was initially lodged against Plaintiff, she received a "Highly Effective," employee rating by the company, based on her overall work performance and a 100% pass rating on audits conducted during the prior year.

29. In a second matter raised against Plaintiff by Defendant Citibank, Plaintiff's subordinate/co-worker named Julie Kiener failed to adhere to the bank's policies and procedures while transacting on Plaintiff's personal account. While the failure to follow such procedures was completely the fault of Ms. Kiener, after Defendant's investigation of such matter, Plaintiff's

subordinate Ms. Kiener, unlike Plaintiff had a history of discipline based on her past work performance, and was eventually issued less harsh discipline by Defendant Citibank, than Plaintiff was issued. Ms. Kiener received discipline in the form of being based on a Final Performance Improvement Plan ("PIP").

30. Plaintiff's two co-worker/subordinates who were also involved in the conduct/transactions related to the above-reference customer complaint and charge, were not of the same race and/or protected class as Plaintiff -African-American.

31. Plaintiff's direct supervisor Jeff Dunmire, who was also involved in the same conduct/transaction related to the above-referenced customer complaint, was not of the same race and/or protected class as Plaintiff-African American.

32. Shortly after Plaintiff was terminated by Defendant Citibank, she learned that the company had placed in her previous position, a Caucasian male, with a known history of job performance issues and demerits for violating various company policies and procedures. Based on information and belief, this same Caucasian employee that was placed in Plaintiff's previous position, received a Performance Improvement Plan ("PIP") due to an egregious violation of employee rights, which put other employees in the bank's branch in jeopardy of contracting COVID-19.

33. Starting from 2003, Citibank has consistently given Plaintiff excellent performance appraisals.

34. At all times during her long tenure with the company, Plaintiff has received an end-of-year rating of "Highly Effective" in every category in which she was assessed, including, but not limited to Sales, Service, Risk and Compliance, Customer Service, Hiring, Performance Management, Ingenuity and Leadership.

35. Plaintiff believes Defendant Citibank orchestrated her termination because it wanted to appease the Caucasian customer that it knew lodged a baseless and frivolous complaint against Plaintiff, and used the baseless customer's complaint as a pretext for terminating Plaintiff, when

it really terminated Plaintiff because of her race, as is evident by its treatment of Plaintiff's two co-worker/subordinates who were also involved in the conduct/transactions related to the above-reference charges, and such co-worker/subordinates were not of the same race and/or protected class as Plaintiff -African-American.

36. Plaintiff believes Defendant Citibank orchestrated her termination because it wanted to appease the Caucasian customer that it knew lodged a baseless and frivolous complaint against Plaintiff, and used the baseless customer's complaint as a pretext for terminating Plaintiff, when it really terminated Plaintiff because of her race, as is evident by its treatment of Plaintiff's direct supervisor Jeff Dunmire, who was also involved in the same conduct/transaction related to the above-referenced customer complaint, and he was not of the same race and/or protected class as Plaintiff-African American.

37. Additionally, Plaintiff believes, upon information and belief, and based on Defendant's conduct herein, that Defendant Citibank, understood that Plaintiff was one of the highest paid female employees in the Las Vegas area. That her performance records and tenure would logically support that she would be in line for the Area Director's position upon its availability. In fact, in the absence of the Plaintiff's superior, she received delegated authority of the Area Manger. Plaintiff was terminated on the basis of her age (older than 40).

38. Plaintiff also believes, upon information and belief, and based on Defendant's conduct herein, that Defendant Citibank, desired to purge Plaintiff from its workforce, and it subjected Plaintiff to harsher discipline, due to Plaintiff's sex – female.

39. Plaintiff was treated vastly different than bank employees who were not of her same race and/or protected category – African-American. Upon information and belief, and based on Defendant's conduct herein, Citibank employees that were not African-American, and who committed violations of company policies, protocol and procedures were privately reprimanded, if at all, and allowed to continue in their jobs with lesser and/or lower lever progressive discipline, if need be.

40. Plaintiff was treated vastly different than male bank employees who were similarly situated. Upon information and belief, and based on Defendant's conduct herein, Citibank employees that were not female, and who committed violations of company policies, protocol and procedures were privately reprimanded, if at all, and allowed to continue in their jobs with lesser and/or lower lever progressive discipline, if need be.

41. Plaintiff was treated vastly different than other bank employees who were similarly situated. Upon information and belief, and based on Defendant's conduct herein, other Citibank employees that were not of Plaintiff's protected class in terms of her age, race and sex, and who committed violations of company policies, protocol and procedures were privately reprimanded, if at all, and allowed to continue in their jobs with lesser and/or lower lever progressive discipline, if need be.

42. Plaintiff filed a formal complaint of race, age and sex discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), within the time limits provided by applicable law and regulations.

43. On or near December 9, 2020, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue.

44. This lawsuit is being brought within ninety days of the receipt by Plaintiff of her notice of right to sue.

45. Plaintiff has exhausted all available administrative remedies in accordance with the aforementioned statutes, prior to instituting the instant civil action.

## IV.   FIRST CAUSE OF ACTION

### (Title VII Race Discrimination)

46. Plaintiff Ms. Sharpe, repleads, realleges, and incorporates herein by reference each and every allegation contained above, as if fully set forth herein.

47. The Defendants in their above alleged conduct have perpetuated a discriminatory work

environment harming Plaintiff based upon her race and have unlawfully singled her out for racially discriminatory conduct in violation of Title VII, including but not limited to subjecting her to an overly harsh and discriminatory investigation and disciplinary process. Intentionally blemishing Plaintiff's record with discriminatory intent to terminate her, discriminatorily ignoring due process, ignoring procedure and all other discriminatory acts alleged or described above and/or further adduced during the discovery stage of this civil matter.

48. The foregoing acts constitute unlawful discriminatory conduct prohibited by 42 U.S.C. § 2000e et. Seq, and are a direct and proximate cause of substantial financial damages to Plaintiff, including but not limited to compensatory damages for lost earnings, loss of happiness, loss of opportunities, loss of reputation and loss of prestige.

49. As such, Defendants are directly and proximately responsible for Ms. Sharpe's damages in an amount to be proven at trial.

50. The above-described acts of Defendants are wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally and state protected rights. Plaintiff has suffered damages and financial loss as a direct result of said unlawful conduct and is entitled to be fully compensated including punitive and exemplary damages under any and all applicable State and federal laws.

51. As a further direct and proximate result of the unlawful discrimination, it has been necessary for Plaintiff to retain the services of counsel to represent her in the instant matter, and he should be awarded reasonable attorney's fees and costs.

## V.      SECOND CAUSE OF ACTION

### (NRS 613.330 Race Discrimination)

52. Plaintiff, repleads, realleges, and incorporates herein by reference each and every

10

allegation contained above as if fully set forth herein.

53. Defendant Citibank, by and through its above alleged conduct has perpetuated a hostile work environment harming Plaintiff based upon her race and has unlawfully singled her out for racially discriminatory conduct in violation of Title VII, including but not limited to unusual discriminatorily oriented observation or scrutiny of Plaintiff, intentionally blemishing Plaintiff's record with discriminatory intent to terminate her, discriminatorily ignoring due process, ignoring procedure and all other discriminatory acts alleged or described above and/or further adduced during the discovery stage of this civil matter.

54. The foregoing acts constitute unlawful discriminatory conduct prohibited by NRS 613.330 et, seq., and are a direct and proximate cause of substantial financial damages to Plaintiff, including but not limited to compensatory damages for lost earnings, loss of happiness, loss of opportunities, loss of reputation and loss of prestige.

55. As such, Defendant Citibank is directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

56. The above-described acts of Defendant Citibank were wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally and state protected rights. Plaintiff has suffered damages and financial loss as a direct result of said unlawful conduct and is entitled to be fully compensated including punitive and exemplary damages under any and all applicable State and federal law.

57. As a further direct and proximate result of the unlawful discrimination, it has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and he should be awarded reasonable attorney's fees and costs.

## VI.   <u>THIRD CAUSE OF ACTION</u>

**(Age Discrimination Under the Age Discrimination in Employment Act 42 U.S.C. §12112)**

58. Plaintiff, repleads and realleges and incorporates herein by reference each and every allegation contained above as if fully set forth herein.

59. Defendant Citibank, has perpetuated a hostile work environment harming Plaintiff based upon her age and has unlawfully singled her out for age related discriminatory conduct in violation of The Age Discrimination in Employment Act particularly where they singled her out due to her age, and disciplined her in a manner for severe than they have disciplined other employees who were not of the same protected class in terms of age than Plaintiff.

60. The foregoing acts constitute unlawful discriminatory conduct prohibited by 42 U.S.C. § 12112(a) et, seq, and are a direct and proximate cause of substantial financial damages to Plaintiff, including but not limited to compensatory damages for lost earnings, loss of happiness, loss of opportunities, loss of reputation and loss of prestige.

61. As such, Citibank is directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

62. The above-described acts of Defendant Citibank were wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally and state protected rights. Plaintiff has suffered damages and financial loss as a direct result of said unlawful conduct and is entitled to be fully compensated including punitive and exemplary damages under any and all applicable State and federal law.

63. As a further direct and proximate result of the unlawful discrimination, it has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

## VII.   FOURTH CAUSE OF ACTION

### (Age Discrimination pursuant to NRS 613.330)

64. Plaintiff, repleads, realleges, and incorporates herein by reference each and every allegation contained above as if fully set forth herein.

65. Defendant Citibank has perpetuated a hostile work environment harming Plaintiff based upon her age and have unlawfully singled her out for age related discriminatory conduct in violation of The Age Discrimination in Employment Act, and N.R.S. 613.330 particularly where they singled her out and imposed much harsher discipline on her than they have imposed on other employees for similar alleged conduct, wherein the employees over the age of 40 were able to keep their jobs and receive no discipline at all and/or were privately reprimanded, if at all.

66. The foregoing acts constitute unlawful discriminatory conduct prohibited by NRS 613.330 et. seq, and are the direct and proximate cause of substantial financial damages to Plaintiff, including but not limited to compensatory damages for lost earnings, loss of happiness, loss of opportunities, loss of reputation and loss of prestige.

67. As such, Defendants are directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

68. The above-described acts of Defendant Citibank were wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally and state protected rights. Plaintiff has suffered damages and financial loss as a direct result of said unlawful conduct and is entitled to be fully compensated including punitive and exemplary damages under any and all applicable State and federal law.

69. As a further direct and proximate result of the unlawful discrimination, it has been

necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

## VIII.   FIFTH CAUSE OF ACTION

### (Sex Discrimination - Federal)

70. Plaintiff, repleads, realleges, and incorporates herein by reference each and every allegation contained above as if fully set forth herein.

71. Defendant Citibank has perpetuated a hostile work environment harming Plaintiff based upon her sex and has unlawfully singled her out for sex related discriminatory conduct in violation of  Title VII, particularly where they singled her out and imposed much harsher discipline on her than they have imposed on male employees who have engaged in similar alleged conduct, wherein such male employees were able to keep their jobs and receive no discipline at all and/or were privately reprimanded, if at all.

72. The foregoing acts constitute unlawful discriminatory conduct prohibited by Title VII, and are the direct and proximate cause of substantial financial damages to Plaintiff, including but not limited to compensatory damages for lost earnings, loss of happiness, loss of opportunities, loss of reputation and loss of prestige.

73. As such, Defendants are directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

74. The above-described acts of Defendant Citibank were wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally and state protected rights. Plaintiff has suffered damages and financial loss as a direct result of said unlawful conduct and is entitled to be fully compensated including punitive and exemplary damages under any and all applicable State and federal law.

14

75. As a further direct and proximate result of the unlawful discrimination, it has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

### IX.   SIXTH CAUSE OF ACTION

### (Sex Discrimination – Nevada State Law)

76. Plaintiff, repleads, realleges, and incorporates herein by reference each and every allegation contained above as if fully set forth herein.

77. Defendant Citibank has perpetuated a hostile work environment harming Plaintiff based upon her sex and has unlawfully singled her out for sex related discriminatory conduct in violation of NRS 613.330, et seq., particularly where they singled her out and imposed much harsher discipline on her than they have imposed on male employees who have engaged in similar alleged conduct, wherein such male employees were able to keep their jobs and receive no discipline at all and/or were privately reprimanded, if at all.

78. The foregoing acts constitute unlawful discriminatory conduct prohibited by NRS 613.330, et seq., and are the direct and proximate cause of substantial financial damages to Plaintiff, including but not limited to compensatory damages for lost earnings, loss of happiness, loss of opportunities, loss of reputation and loss of prestige.

79. As such, Defendants are directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

80. The above-described acts of Defendant Citibank were wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally and state protected rights. Plaintiff has suffered damages and financial loss as a direct result of said unlawful conduct and is entitled to

be fully compensated including punitive and exemplary damages under any and all applicable State and federal law.

81. As a further direct and proximate result of the unlawful discrimination, it has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

## X.    SEVENTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

82. Plaintiff, repleads, realleges, and incorporates herein by reference each and every allegation contained above as if fully set forth herein.

83.  Defendant Citibank engaged in unlawful employment practices prohibited by federal and state law, by discriminating against Plaintiff, and the conduct set forth above constitutes intentional or recklessly extreme and outrageous conduct.

84. The extreme conduct of Defendant Citibank, and by and through its managerial employees caused extraordinary distress and suffering to Plaintiff.

85. As a result of the foregoing malicious and egregious conduct, Plaintiff suffered severe emotional distress, and has incurred damages thereby.

86. Defendant Citibank is vicariously liable for the actions of its employees and supervisors who were acting in the scope of their employment and engaged in the illegal acts to enforce and cause the wrongful termination of Plaintiff's employment with the company.

87. Defendant Citibank is also liable because it has condoned and accepted the abuse and outrageous conduct directed at Plaintiff and intentionally or recklessly decided to ignore such abuse.

88. Based upon the foregoing allegations set forth in this Complaint and incorporated

herein, Plaintiff suffered emotional distress and damages.

89. As a direct result and proximate result of the discriminatory, retaliatory, harassing, and abusive conduct of Defendant Citibank, Plaintiff suffered adverse employment consequences by the conduct of its employees, including loss of future wages, professional opportunities, and other valuable benefits and emoluments of employment, as well as mental anguish and humiliation.

90. Further, since Defendant Citibank's conduct was willful and motivated by malice and/or reckless indifference to Plaintiff's legal rights, Plaintiff is entitled to  an award of punitive damages.

## XI.     EIGHT CAUSE OF ACTION
### (Declaratory and Injunctive Relief against Defendant)

91. Plaintiff, repleads, realleges, and incorporates herein by reference each and every allegation contained above as if fully set forth herein.

92. This Honorable Court should Declare that Defendant Citibank's actions in disciplining Plaintiff and/or attempting to discipline Plaintiff were unjust, unfair, discriminatory and find that she committed no wrongdoing.

93. This Honorable Court should require Defendant Citibank to remove and/or do its best to ameliorate or repair, to the maximum extent possible, all adverse personnel information from Plaintiff's personnel file, in her discharge papers, and in any other reporting of any and all negative documentation.

94. This Honorable Court should require Defendant Citibank to expunge from Plaintiff's Personnel file and/or any file maintained by the company regarding Plaintiff's employment with the company any and all reporting that is negative in any way.

95. This Honorable Court should affirmatively declare that Defendant Citibank by and

through its actions alleged herein has in fact, engaged in employment practices that constitute unlawful race, sex and age discrimination.

96. This Honorable Court should declare that Defendant Citibank, when it terminated Plaintiff in the manner that it did, did so in contravention of public policy.

**WHEREFORE, PLAINTIFF respectfully prays as follows:**

1. For a trial by jury on appropriate issues;

2. For all employment-related losses subject to proof;

3. For compensation for all expenses incurred to remedy the pain and suffering that was the direct and proximate result of Defendants' above-mentioned actions.

4. For a declaration that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., and 2000e16, et seq., the Age Discrimination in Employment Act and the Nevada Equal Employment Opportunity Act, NRS 633.310, et seq.;

5. For compensatory damages in a sum or value to be proven at trial.

6. Injunctive relief and enjoinment;

7. For punitive damages against Defendants to be decided by this Court;

8. For prejudgment interest;

9. For reasonable attorney's fees and all costs incurred by Ms. Sharpe herein; and

10. For such other and further relief as the Court shall deem just and proper.

///

///

///

///

## JURY DEMAND

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution, and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED this *8th* day of March, 2021

By: */s/ F. Travis Buchanan, Esq.*
F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC
F. Travis Buchanan, Esq.
NV Bar No. 9371
701 EAST BRIDGER AVE. SUITE 540
Las Vegas, Nevada, 89101
*Attorneys for Plaintiff*

19

# EXHIBIT #1

# EXHIBIT #1

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Kelle Sharpe**
**1054 Via Saint Andrea Pl**
**Henderson, NV 89011**

From: **Las Vegas Local Office**
**333 Las Vegas Blvd South**
**Suite 5560**
**Las Vegas, NV 89101**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2021-00038 | Breanne Blain, Investigator | (702) 553-4458 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

Tamara M West
On behalf of the Commission
Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director LV20,
email=tamara.west@eeoc.gov, c=US
Date: 2020.12.09 09:13:21 -08'00'

Enclosures(s)

**Tamara M. West,**
**Local Office Director**

(Date Issued)

cc: **Human Resources**
**Director/Owner**
**CITIBANK NA**
**10211 SOUTH EASTERN AVENUE**
**Henderson, NV 89052**